134 N.J. Super. 353 (1974)
341 A.2d 340
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
BENJAMIN ALLABAND, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued February 5, 1974.
Decided March 5, 1974.
*354 Before Judges KOLOVSKY, FRITZ and CRANE.
Mr. Archibald Kreiger, Assistant Prosecutor, argued the cause for appellant (Mr. Thomas J. Shusted, Camden County Prosecutor, attorney).
Mr. Steven Zamrin, Assistant Deputy Public Defender, argued the cause for respondent (Mr. Stanley C. Van Ness, Public Defender, attorney).
The opinion of the court was delivered by CRANE, J.A.D.
This matter is before us pursuant to leave granted to the State to appeal from an interlocutory order of the Law Division granting defendant's motion to suppress evidence consisting of drugs and paraphernalia which had been seized without a warrant. The trial judge permitted the motion to be made immediately before trial, over objection by the State that the motion was made beyond the time permitted by R. 3:5-7(a).
We do not reach the merits because in our view the motion was improvidently entertained.
Defendant's plea of not guilty was entered on February 15, 1972. Under the provisions of R. 3:5-7(a) defendant had 30 days within which to move for the suppression of evidence. When, on January 16, 1973, the case was called for trial, after having been previously listed for trial several times and adjourned, defense counsel, an attorney from the staff of the Public Defender, moved orally for leave to file a motion to suppress. The reasons given for not having presented a motion earlier were that defendant was interviewed by an investigator who was not a lawyer; that when discovery *355 was received in February 1972 no one read it carefully enough to notice that a motion ought to be made; that the attorney who was handling the case at the time of trial should not be bound by the carelessness of another attorney; that the trial attorney had received the file approximately a week before the trial date, and that defendant should not be prejudiced because there was some negligence in not noticing the issue before trial.
Prior to making his ruling the trial judge commented that "here, we are dealing with a gross delay in bringing this kind of motion"; that he "considers this application to be outrageously out of time," and that "the court is not impressed that good cause has been shown for the extension of time in this matter." Nevertheless, upon learning that the Public Defender was willing to file a brief within 48 hours, the judge granted the application, stating its ruling as follows:
Under all these circumstances and providing that the defense counsel supplies a brief in support of her motion to the court, with a copy to the prosecutor, within 48 hours, the motion to suppress will be entertained as soon thereafter as the court can arrange it with counsel. Subject to those conditions, your motion will be entertained, Miss Rosenberg.
It has been suggested that the time limitations of R. 3:5-7 are not to be applied rigidly and that the problems of heavy case loads in the Public Defender's office are entitled to some consideration. State v. Price, 108 N.J. Super. 272, 278 (Law Div. 1970). R. 3:5-7(a) permits enlargement of the time period upon a showing of "good cause." In the instant matter the trial judge correctly concluded that good cause had not been shown. The neglect of an attorney to pursue remedies on behalf of a client has uniformly been held not to constitute "good cause" offered in support of a motion to enlarge time. Packaging Industries Ltd. v. Hayduchok, 94 N.J. Super. 494 (App. Div. 1967), certif. den. 50 N.J. 87 (1967); In re Syby, 66 N.J. Super. 460 (App. *356 Div. 1961); Nemeth v. Otis Elevator Co., Inc., 55 N.J. Super. 493 (App. Div. 1959).
Under the circumstances here presented, particularly considering the 11-month delay, the reasons given for it, and the justified finding by the trial judge that good cause for an extension of time did not appear, the motion to suppress should not have been entertained: enforcement of the time requirements of the rule does not offend due process standards. State v. Raymond, 95 N.J. Super. 175 (App. Div. 1967), certif. den. 52 N.J. 296 (1967); see also, State v. McKnight, 52 N.J. 35, 48 (1968). As was said in State v. Perry, 59 N.J. 383, 387 (1971), "The rule is reasonable and must be met if there is to be order in the judicial process."
The order suppressing evidence is reversed and the matter is remanded to the Law Division for trial.