No. 47,143

STATE OF KANSAS, *Appellee,* v. CLIFFORD HOLLAWAY a/k/a CLIF-
FORD HALLAWAY and CHARLES WHITE, *Appellant.*

(522 P. 2d 364)

Opinion filed May 11, 1974.

*Dennis E. Shay,* of Smith, Shay, Farmer & Wetta, of Wichita, argued the
cause and was on the brief for the appellant.

*Clifford L. Bertholf,* assistant district attorney, argued the cause, and *Vern
Miller,* attorney general, and *Keith Sanborn,* district attorney, were with him
on the brief for the appellee.

The opinion of the court was delivered by

FONTRON, J.: The defendant, Clifford Hollaway, was tried on one
count of aggravated robbery in violation of K. S. A. 1973 Supp. 21-
3427, and on three separate counts of aggravated assault on a uni-
formed or properly identified law enforcement officer while engaged
in the performance of his duty, in violation of K. S. A. 1973 Supp.
21-3411. He was convicted of aggravated robbery, of one count of
aggravated assault on a law enforcement officer, and of one count

of aggravated assault as such is defined in K. S. A. 21-3410. On the other assault charge Hollaway was acquitted.

Briefly stated, the evidence disclosed that on the morning of March 29, 1971, the defendant, armed with a .25 caliber pistol, held up the Thrifty Market in Wichita, Kansas, and got away with some $226. After obtaining the loot, he left the store and proceeded to a waiting car driven by Charles White, who was jointly charged in the robbery and whose case on appeal is reported as *State v. White*, 211 Kan. 862, 508 P. 2d 842. The two men sped away in the car, although not before its description was obtained and reported. Not long thereafter the Wichita police, having been placed on the alert, closed in on the car and brought its occupants to bay. Three police officers, two garbed in plain clothes, approached the suspect car on foot, whereupon Mr. Hollaway, who was sitting in the passenger's seat, opened fire on the officers, while Mr. White got out of the driver's seat peacefully and with no show of force. Hollaway's fire was returned by the officers; Hollaway himself was wounded and threw away his gun; and the car was punctured by various and sundry bullets. A search of Mr. Hollaway's person at the jail house uncovered some $233.

On appeal, the defendant has raised a number of trial errors. First of all he maintains the trial court erred in overruling his motion to suppress certain items of physical evidence. This contention is based on the alleged failure of attorneys for the prosecution to permit an inspection of the evidence at the police station as had been ordered by the court under the provisions of K. S. A. 1973 Supp. 22-3212. The court's order specified the inspection should take place at 12:15 p. m. on June 23, 1971. From the record it appears that defense counsel made an appointment with a member of the prosecutor's staff to meet at the police station at the appointed hour; that the prosecutor failed to appear as he had agreed; and that defense counsel, after waiting about an hour, left without having seen the evidence. A second appointment was made to meet at a later date at which the prosecutor again failed to make an appearance. This time, members of the police department refused to permit inspection because the time specified in the order had passed.

However, the record further reflects that defense counsel was provided an opportunity to inspect the evidence at the courthouse shortly before the commencement of trial and that he thereafter

announced to the court he was satisfied. While we do not condone the seemingly evasive tactics of the prosecutor we cannot say, under the attending circumstances, that prejudicial error was committed in overruling the motion to suppress.

Assuming that the spirit if not, indeed, the letter of the inspection order was ignored, the trial court was vested with wide discretion as to the course it might thereafter pursue. Subparagraph 22-3212 (7) provides in substance that where it is shown that a prosecuting attorney has failed to comply with an order to permit the defendant to inspect relevant evidence, the trial court may order the prosecuting attorney to permit inspection of the materials not previously disclosed, or may grant a continuance, or may prohibit the introduction of the material not disclosed, or may enter such other order as it deems just under the circumstances.

We have previously had occasion to deal with this section of the statute. In *State v. Jones,* 209 Kan. 526, 498 P. 2d 65, we had this to say about it:

"The clear import of this proviso, which is identical to one contained in Federal Rule 16 (*g*), is to vest the trial court with wide discretion in dealing with the failure of a party to comply with a discovery and inspection order and federal tribunals have so held (see cases cited 1 Wright, Federal Practice and Procedure, §§ 260-261)." (p. 528.)

In *State v. Sullivan & Smith,* 210 Kan. 842, 504 P. 2d 190, we also discussed the options open to the trial court where there had been a failure to comply with a discovery or inspection order. We said in that case:

". . . K. S. A. 1971 Supp. 22-3212 (7) gives the court several options when the prosecuting attorney has not complied with its discovery order. The court may order the offending party to permit the discovery or inspection of materials not previously disclosed, may grant a continuance, or refuse to admit the undisclosed material in evidence, or it may make such other order as it deems just under the circumstances." (p. 847.)

In our opinion the trial court did not abuse its discretion in this case when it permitted the state to introduce the physical evidence held at the police station inasmuch as defense counsel had inspected the evidence before trial and had said he was satisfied.

After Hollaway had ensconced himself in the getaway car and that vehicle had gotten underway, information was radioed by the police dispatcher concerning the route taken by the car and its tortuous pathway through the streets of Wichita. At the trial, reference was made by some of the officers as to police dispatches

tracing the automobile and giving its location. The defendant complains of this, contending that the contents of the dispatches were inadmissible as hearsay. This contention is without merit. A similar objection was raised by the defendant in *State v. Trotter*, 203 Kan. 31, 453 P. 2d 93, where the testimony of a police officer was admitted regarding a conversation he overheard between the police dispatcher and another officer immediately before the defendant was apprehended. In rejecting the defendant's claim of error the court said:

". . . The testimony was not inadmissible as hearsay evidence for the reason it was not offered to prove the truth of the matter asserted. At most, the evidence provided some explanation of the officer's action in proceeding to the location where defendant was subsequently taken into custody. (Citing cases.)" (p. 37.)

The defendant next complains of the admission of photographs taken of the bullet-riddled car. The basis of this objection was that the photos had not been identified by the officer who took them. The objection is not valid. Officer Davis, who was present when the pictures were taken by his fellow police officer, testified they accurately portrayed what was depicted. In *State v. Jefferson*, 204 Kan. 50, 54, 460 P. 2d 610, we said that photographs are generally admissible upon proper foundation and identification, if they accurately represent matters relevant to the issues in the case, and that their admission rests in the sound judicial discretion of the court. (See, also, *State v. McVeigh*, 213 Kan. 432, 516 P. 2d 918.) In our opinion the photographs were sufficiently identified and their weight was for the jury.

Two of the three officers who converged on the getaway car were dressed in plain clothes. Because of their wearing apparel, the defendant argues they were not properly identified to him as officers of the law and he therefore moved to dismiss the counts charging him with aggravated assaults upon them as law enforcement officers. The trial court properly rejected the motion to dismiss the counts, and in the alternative instructed on the lesser offense of aggravated assault which is defined by K. S. A. 1973 Supp. 21 3410 as:

"(*a*) Unlawfully assaulting or striking at another with a deadly weapon; or

"(*b*) Committing assault by threatening or menacing another while disguised in any manner designed to conceal identity; or

"(*c*) Willfully and intentionally assaulting another with intent to commit any felony.

"Aggravated assault is a class D felony."

On the other hand, aggravated assault on a law enforcement officer is defined in 21-3411 as "an aggravated assault . . . committed against a uniformed or properly identified state, county or city law enforcement officer while such officer is engaged in the performance of his duty" and is a class C felony. In our opinion it is clear that aggravated assault is an offense included in but lesser than an aggravated assault against a law enforcement officer. Consequently the court correctly instructed on aggravated assault. K. S. A. 1973 Supp. 21-3107 (3) requires the court to instruct on lesser included offenses which are supported by the evidence and our case law has been to the same effect. (2 Hatcher's Kansas Digest [Rev. Ed.] Criminal Law, § 315.)

The defendant finally complains, somewhat belatedly since the issue is not raised in his statement of points, that the court failed to instruct on the offense of robbery under K. S. A. 1973 Supp. 21-3426 as a lesser included offense of aggravated robbery defined in 21-3427. Although our rule is not to consider matters omitted from the statement of points, we have nonetheless not ignored the point, but find it entirely without merit. All four eyewitnesses to the robbery testified that Hollaway used a firearm. Their testimony brings the charge squarely within the framework of aggravated robbery. If Hollaway was guilty of any offense in this case it was, under all the evidence, aggravated robbery. The failure to instruct on a lesser degree of the offense alleged does not constitute error where the evidence excludes any theory of guilt as to a lesser degree thereof. (*State v. McDermott*, 202 Kan. 399, 401, 449 P. 2d 545; *State v. Hoy*, 199 Kan. 340, 430 P. 2d 275; *State v. Zimmer*, 198 Kan. 479, 426 P. 2d 267.) In *State v. Hockett*, 172 Kan. 1, 238 P. 2d 539, the accused was charged with first degree robbery and we there held the court was not required to instruct on any lesser degree of that offense where the evidence clearly negatived a lesser degree of guilt.

We find no prejudicial error inhering in the judgment of the court below and the same is affirmed.