No. 48,217

ROBERT GREEN, *Petitioner-Appellant,* v. STATE OF KANSAS,
*Respondent-Appellee.*

(558 P. 2d 110)

Opinion filed December 11, 1976.

*Jerome S. Koehler, Jr.,* of Howell and Koehler, of Overland Park, was on
the brief for the appellant.

*Curt T. Schneider,* attorney general, *Margaret W. Jordan,* district attorney,
and *Richard S. Wetzler,* assistant district attorney, were on the brief for the
appellee.

*Per Curiam:* The petitioner, Robert Green, is the appellant from
a district court judgment denying his motion to set aside a first-
degree murder conviction under K. S. A. 60-1507. In the district
court counsel was appointed and he was given a hearing.

On December 16, 1970, Green was convicted by a jury of first-
degree murder for the death of Glenda Kay Williams. He was
sentenced to life imprisonment and subsequently appealed. In
*State v. Green,* 211 Kan. 887, 508 P. 2d 883, petitioner's conviction
was affirmed and it was held the trial court did not abuse its dis-
cretion in refusing to give credence to the recanting testimony of
the state's prime witness in the murder prosecution or in overruling
Green's motion for a new trial.

In his post-conviction motion filed on December 7, 1973, Green
sought to vacate the sentence, alleging that the trial court lacked
jurisdiction, and contending that he was denied his constitutional
rights to a fair and impartial trial. The district court heard and
denied Green's motion in a careful, well-reasoned memorandum
decision.

It is first argued that pretrial publicity so prejudiced the com-
munity where the petitioner was tried as to render selection of an
impartial jury impossible. Petitioner points to two mistrials forced
by publicity preceding his conviction and contends the trial court
erred by refusing his motion for a change of venue. The only
evidence petitioner has produced in support of his claim of prej-
udicial publicity at the trial which resulted in his conviction is a

series of newspaper articles which detailed the murder and petitioner's arrest.

The rule in Kansas is that a change of venue in a criminal case lies within the sound discretion of the trial court. (*State v. Cameron & Bentley*, 216 Kan. 644, 533 P. 2d 1255; *State v. Randol*, 212 Kan. 461, 513 P. 2d 248.) The burden of proof is cast upon the accused to show prejudice in the 'community not as a matter of speculation but as a demonstrable reality in support of a motion for a change of venue. (*State v. McCorgary*, 218 Kan. 358, 543 P. 2d 952.) The mere publication of news articles does not establish prejudice per se which would deny the defendant a fair and impartial trial in the community. (*State v. McCorgary*, supra; *State v. Randol*, supra.) Even though a criminal matter is widely covered and reported by the news media, it does not follow, without further evidence, that such prejudice exists as might reasonably prevent a fair trial. (*State v. Lamb*, 209 Kan. 453, 497 P. 2d 275.)

In *State v. Frames*, 213 Kan. 113, 515 P. 2d 751, this court reviewed the same newspaper articles which petitioner contends are prejudicial. It was held that petitioner's accomplice in the murder was not prejudiced by the news accounts and his conviction was affirmed. In the present case the record discloses that sixty-three jurors were examined on *voir dire*, but only thirteen were challenged and excused because of knowledge of the case. The examination of prospective jurors demonstrates that the community was not saturated with prejudice. (See, *State v. Cameron & Bentley*, supra at p. 647.) The case is easily distinguished from *Sheppard v. Maxwell*, 384 U. S. 333, 16 L. Ed. 2d 600, 86 S. Ct. 1507, and other decisions cited by the appellant.

The petitioner contends that he was denied a representative jury because the trial court excused jurors who were opposed to the death penalty. It has been held that a death sentence cannot be constitutionally imposed by a jury from which jurors have been removed because they have an aversion to capital punishment. (*Maxwell v. Bishop*, 398 U. S. 262, 26 L. Ed. 2d 221, 90 S. Ct. 1578; *Bumper v. North Carolina*, 391 U. S. 543, 20 L. Ed. 2d 797, 88 S. Ct. 1788; *Witherspoon v. Illinois*, 391 U. S. 510, 20 L. Ed. 2d 776, 88 S. Ct. 1770; *State v. Theus*, 207 Kan. 571, 485 P. 2d 1327; *Zimmer v. State*, 206 Kan. 304, 477 P. 2d 971.)

But the petitioner in this case was not sentenced to death. However, he argues that because jurors were excluded who had conscientious scruples against imposing the death penalty, the jury

selected was unrepresentative on the issue of guilt and as such increased his risk of conviction. An identical contention was reviewed and rejected in *State v. Campbell*, 210 Kan. 265, 270, 271, 500 P. 2d 21. *Campbell* held that the *Witherspoon* decision is not applicable where the death penalty is not imposed. There is no presumption that a jury which has been stripped of members opposed to the death penalty is unrepresentative on the issue of guilt and the burden is on the defendant to prove such an allegation. (Also, see, *Turner v. State*, 208 Kan. 865, 494 P. 2d 1130; *Zimmer v. State*, supra.) Petitioner in this case offered no evidence beyond a mere assertion that the jury was unrepresentative and his attack against the jury must be rejected.

The petitioner contends that he was denied a jury which represented a fair cross-section of the community by virtue of certain statutes in effect at the time of his trial which provided women an excuse from jury duty upon their request. There is no evidence that petitioner was prejudiced by the statutes he questions. The record does not reveal whether any women requested an excuse. Additionally, women were adequately represented on the jury which convicted petitioner; five female jurors sat on the jury and one of two alternate jurors was a woman.

The petitioner also claims that the law disqualifying convicted felons from jury service denied him an impartial jury. The record does not disclose whether any prospective juror was a felon, and no exemptions were claimed on that ground. The claim is without merit.

The petitioner next contends that the state of Kansas was without jurisdiction in this action. He argues that because the murder was committed on a stream it was incumbent on the state to show the body of water to be non-navigable, since state courts lack jurisdiction in matters involving navigable waterways. This claim is without merit. There was substantial, competent, unrebutted evidence presented at the trial which established that the killing occurred on the banks of a small stream in Johnson County, Kansas. We adopt the trial court's careful and sensible analysis of this issue.

Finally the petitioner argues that the trial court erred by failing to instruct the jury on the lesser included offenses of second-degree murder and manslaughter. This court has held that while K. S. A. 21-3107 (3) requires instructions on lesser included offenses where there is support for such instructions in the evidence, failure to instruct on lesser degrees of the offense charged is not error where

the evidence negatives a lesser degree of guilt. (*State v. Cameron & Bentley*, supra; *State v. Hollaway*, 214 Kan. 636, 522 P. 2d 364.)

In this case the evidence of premeditation and malice was overwhelming and undisputed. The evidence presented by petitioner at trial did not proceed upon a theory that he had committed a lesser offense, since he claimed solely that he took no part in the killing. Under these circumstances it was not incumbent on the trial court to instruct on lesser included offenses. Furthermore, the claim does not involve a constitutional question. Error in the instructions could and should have been raised on appeal from the conviction.

We find no merit in any of appellant's claims that he was denied due process of law. The case was well and carefully tried and the district court judgment must be and is affirmed.