No. 48,312

STATE OF KANSAS, *Appellee*, v. JAMES E. BLACK, *Appellant*.

(559 P. 2d 784)

Opinion filed January 7, 1977.

*William D. Mize*, district public defender, argued the cause and was on the brief for the appellant.

*James L. Sweet*, county attorney, argued the cause, and *Curt T. Schneider*, attorney general, was with him on the brief for the appellee.

The opinion of the court was delivered by

HARMAN, C.: James E. Black was convicted by a jury of theft of property of a value of more than fifty dollars. His motion for new trial was denied, he was sentenced and now appeals.

Appellant Black does not challenge the sufficiency of the evidence to support his conviction but raises three trial errors. On August 30, 1974, the Kansas National Guard armory at Salina was burglarized and twenty automatic M-16 rifles and ten .45 caliber automatic pistols were taken. On September 30, 1974, the Salina police arrested Frank Gestl, his brother Steven Gestl, Joseph McDaniel and appellant's brother, Tommy Lee Black, for their involvement in the crime and other recent burglaries in Salina. Subsequently appellant was arrested and charged with receiving the stolen armory guns, knowing them to have been stolen by Frank Gestl and Joseph McDaniel. At appellant's trial both the Gestls and McDaniel testified against appellant. They stated Frank Gestl and McDaniel committed the burglary, taking the weapons in question and hiding them at Tommy Black's house; later that night, appellant appeared and loaded the guns in his car, saying he had a place in Colorado to store them; appellant was upset that the burglary had occurred before he got there and that so few guns were obtained; he discussed the price of the guns; the group had previously stolen guns in two burglaries of the Lee Hardware Store in Salina and had taken them to Denver for appellant to sell at which time appellant had participated in plans to burglarize the armory.

One pistol, identified as one of those taken in the armory burglary, was recovered by the FBI in a search of appellant's bedroom closet in Denver.

Appellant contends the trial court erred in denying his motion for change of venue because of pretrial publicity which was shown to be prejudicial to his right to a fair trial. The record on appeal contains six articles published in the *Salina Journal* and one from the *Kansas City Times* respecting the various stages of judicial proceedings involving the gun burglaries and also burglary of a Salina bank. The articles featured the fact the two Gestls were members of a local merchant police and security business and Frank Gestl had recently been nominated for the office of sheriff of Saline county. The record also contains fourteen conclusory type affidavits, seven identical ones offered by appellant stating the affiant's opinion that because of the pretrial newspaper and sound media publicity appellant could not receive a fair trial in Saline county, and seven identical ones offered by the state giving the affiant's opinion, based upon what he had heard and not heard respecting the case, that appellant could receive a fair trial in Saline county. Appellant has demonstrated no plausible showing of prejudice. This burden is on him. (*State v. Hill*, 211 Kan. 239, 244, 505 P. 2d 704, 708). As stated in *State v. Randol*, 212 Kan. 461, 513 P. 2d 248:

"The mere publication of newspaper articles does not establish prejudice *per se* that defendant cannot obtain a fair and impartial trial in the county." (Syl. Para. 1.)

Here it appears thirty-six prospective jurors were questioned and none had formed or expressed an opinion about the case. None was challenged for cause. Of the six printed articles shown in the record, two did not mention appellant. Of the remaining four mentioning his name, only one made more than passing reference to his role in the crime. Applying familiar principles of law (*State v. Cameron & Bentley*, 216 Kan. 644, 533 P. 2d 1255; *State v. Hill*, supra) we must hold the trial court did not abuse sound discretion in denying the requested change of venue.

Appellant asserts the trial court erred in refusing to hear his motion to suppress the state's exhibit 9, the pistol seized in a warrantless search of appellant's bedroom in Denver. The motion was not made until the exhibit was offered into evidence by the state, which occurred after several witnesses had testified about the pistol, and after one prosecution witness, the resident lessee of the

premises in which the pistol was found and who apparently had consented to the search, had been excused and departed from Kansas.

K. S. A. 22-3216 (3) dealing with motions to suppress illegally obtained evidence provides:

"The motion shall be made before trial, in the court having jurisdiction to try the case, unless opportunity therefor did not exist or the defendant was not aware of the ground for the motion, but the court in its discretion may entertain the motion at the trial."

The import of the foregoing is that absent a motion to suppress the state does not have to assume the burden of defending a search and seizure; two exceptions are stated and the trial court may act at its discretion. In *State v. Jackson,* 213 Kan. 219, 515 P. 2d 1108, we stated:

". . . In other words, if a defendant fails to make the motion prior to trial and is unable to show lack of opportunity or unawareness he has lost his standing to challenge admissibility as a matter of right and becomes dependent upon the discretion of the trial court under the language of the last provision of subsection (3)." (p. 226.)

Appellant argues no showing was made that he had pretrial knowledge which would provide grounds for a motion to suppress. According to *Jackson* appellant is the one upon whom fell the burden of showing pretrial lack of knowledge or opportunity to raise the point. Has he made sufficient showing to demonstrate error or abuse of discretion in the trial court's refusal to hear the belated motion? We think not.

Appellant went to trial in February, 1975 (exact date not disclosed). Some time prior to trial the state endorsed on the information the names of the two principal witnesses to the seizure of the pistol. Appellant never filed any discovery motion. According to the trial court's comments its attempt to hold its usual pretrial conference proved abortive. Appellant's then-counsel, who defended him at trial, was furnished a copy of the transcript of the preliminary hearing held for Tommy Lee Black, appellant's brother and codefendant. (Appellant waived his own preliminary examination.) The state says the transcript was furnished appellant long before trial and the record discloses the transcript was in fact used extensively in appellant's cross-examination of the state's witnesses. In the transcript it was revealed by the testimony of an FBI agent that one of the pistols stolen from the Salina armory was recovered from appellant's bedroom in Denver.

Some courts have held that a motion is too late where grounds

for suppression could have been discovered with reasonable inquiry. In *People v. Martinez*, 14 Cal. 3d 533, 121 Cal. Rptr. 611, 535 P. 2d 739, the court held that where defense counsel could have discovered grounds for suppression motion simply by questioning his client and a police officer's testimony at preliminary hearing, counsel was put on notice of the advisability of further testing the legality of seizure prior to trial and a midtrial motion to suppress was properly denied.

In *State v. Allaband*, 134 N. J. Super. 353, 341 A. 2d 340, it was contended a suppression motion was not earlier filed because when discovery was received no one read it carefully enough to realize a motion ought to be made, and it was argued the attorney handling the case at time of trial should not be bound by the carelessness of another. The court replied:

". . . The neglect of an attorney to pursue remedies on behalf of a client has uniformly been held not to constitute 'good cause' offered in support of a motion to enlarge time." (p. 355.)

In the case at bar, by reason of the transcript of his brother's preliminary hearing, appellant had ample pretrial knowledge that a pistol allegedly had been taken from his bedroom. During trial several witnesses testified without objection as to the pistol and its clip. By the time the state was called upon to assume the burden of defending its search and seizure one of its principal witnesses had departed the state and there was no assurance of his return. In view of all the circumstances we cannot say the trial court abused its discretion in declining to hear the belated motion.

Finally appellant complains evidence of other crimes was received in violation of K. S. A. 60-455. The contention is meritless. The challenged evidence was that of the two Lee Hardware burglaries. The first burglary occurred about August 17, 1974. As already indicated, guns were taken. Frank Gestl took these guns to appellant in Denver to sell; he told appellant they were "hot"; appellant sold the guns and the money was divided. Appellant asked if Gestl could get more. Gestl replied he was a cook at the armory where several hundred were stored. On or about August 24, 1971, just one week prior to the armory burglary, the Lee Hardware Store was burglarized again and guns and radios were taken and stored at the residence of appellant's brother; Gestl told appellant where the guns had come from and appellant agreed to check on the price in Denver where the guns were subsequently taken. There appellant advised that things were too "hot" to sell the guns. Sub-

sequently several cartons containing guns taken from the armory and guns and radios in the second Lee Hardware thefts were found in Denver by police. These cartons contained appellant's fingerprints on them.

Appellant testified and denied involvement with stolen guns except he admitted Frank Gestl inquired if anyone wanted to buy guns and showed him guns Gestl had in his car trunk; that he was not in Salina over the Labor Day weekend but was in Colorado and had purchased the pistol found in his bedroom at a truck stop. Bare recital of the prosecution's evidence respecting the handling of the guns (and radios) taken in the Lee Hardware burglaries demonstrates its relevance to the charge in this case. It was incumbent on the prosecution not only to show that appellant received guns stolen from the Salina armory but that he did so knowing that the guns were in fact stolen property. The two Lee burglaries were committed within two weeks of the armory burglary and were closely interwoven with that of the armory insofar as the type of property was concerned, its disposition and its connection with appellant. The challenged evidence was properly received.

The judgment is affirmed.

APPROVED BY THE COURT.