No. 48,763

STATE OF KANSAS, *Appellee,* v. BOBBY EARL PORTER, *Appellant.*

(574 P.2d 187)

Opinion filed November 5, 1977.

*Charles M. Tuley,* of May and Tuley, of Atchison, argued the cause and was on the brief for the appellant.

*Thomas F. Werring,* county attorney, argued the cause, and *Curt T. Schneider,* attorney general, was with him on the brief for the appellee.

The opinion of the court was delivered by

OWSLEY, J.: This is a direct appeal from jury verdicts of guilty of first degree murder (K.S.A. 21-3401) and aggravated robbery (K.S.A. 21-3427).

On Memorial Day, 1975, the owner of a small convenience store in Atchison, Kansas, was gunned down during a robbery. The facts of the crime are unimportant to this appeal. Suffice it to say a description of the robber was spread into the community and nearby states. After several leads were investigated a warrant

was issued for the arrest of defendant. On July 10, 1975, defendant was transported from Little Rock, Arkansas, to stand trial. We have condensed the many points of error asserted by defendant.

I. Pretrial Identification

Defendant was formally arraigned on July 11, 1975. Counsel was appointed. Subsequently, several witnesses were shown a display of six photographs, one being defendant. Neither defendant nor his counsel was present. At a later date counsel made a motion before the city court for a lineup. This request was denied. Defendant appealed the ruling to the district court, whereupon the appeal was dismissed.

Defendant first argues it was error for the district court to dismiss the appeal on the issue of his right to a lineup, relying on K.S.A. 22-3609 (now K.S.A. 1976 Supp. 22-3609 and 22-3609a). Prior to the creation of our court of appeals the statute read:

"(1) The defendant shall have the right to appeal to the district court of the county from any judgment of a court of limited jurisdiction or a municipal or police court which adjudges the defendant guilty of a violation of the laws of Kansas or the ordinances of any municipality of Kansas or which imposes a sentence of fine or confinement or both. . . ."

Defendant claims the refusal to permit a lineup amounted to a finding of guilt. We cannot agree.

The city court had jurisdiction of the matter only for purposes of conducting a preliminary hearing. This court has often stated that a preliminary hearing is not a trial of a defendant's guilt; it is rather an inquiry into whether the defendant should be held for trial. (*State v. Holloway,* 219 Kan. 245, 547 P.2d 741; *State v. Smith,* 215 Kan. 34, 523 P.2d 691; *State v. Bloomer,* 197 Kan. 668, 421 P.2d 58, cert. denied 387 U.S. 911, 18 L.Ed.2d 631, 87 S.Ct. 1697; *State v. James Earley,* 192 Kan. 167, 386 P.2d 189; *In re Mortimer,* 192 Kan. 164, 386 P.2d 261.) In such cases the magistrate or city judge has no power to determine guilt or innocence, but only to determine whether a felony has been committed and whether there is probable cause to believe the accused committed it. (*State v. Boone,* 218 Kan. 482, 485, 543 P.2d 945, reh. denied 425 U.S. 985, 48 L.Ed.2d 811, 96 S.Ct. 2194.)

Because appellate jurisdiction to the district court exists only when allowed by statute (*Landscape Development Co. v. Kansas City P.& L. Co.,* 197 Kan. 126, 415 P.2d 398; *Williams v. Seymour Packing Co.,* 174 Kan. 168, 175, 254 P.2d 248; *Kowing v. Douglas*

*County Kaw Drainage Dist.,* 167 Kan. 387, 207 P.2d 457), the district court had no jurisdiction to take the appeal. Defendant's remedy was to appeal the denial of the lineup to this court once he had been adjudged guilty. (See, *State v. Wallace,* 172 Kan. 734, 243 P.2d 216; *State v. Edwards,* 35 Kan. 105, 10 Pac. 544.)

The defendant did not have a constitutional right to be placed in a lineup (*Dunlap v. State,* 212 Kan. 822, 512 P.2d 484; *Reedy v. State,* 210 Kan. 793, 504 P.2d 146); thus, it was not error for the lower courts to deny his request.

Defendant urges Kansas to adopt the rule set forth in *Evans v. Superior Court,* 11 Cal. 3d 617, 114 Cal. Rptr. 121, 522 P.2d 681 (1974), and *State v. Boettcher,* 338 So. 2d 1356 (La. 1976). These cases recognized that a defendant has no right to be placed in a lineup, but held that a district court has broad discretion in allowing a lineup when the identification of the defendant is shown to be a material issue, when there is a great likelihood the visual identification of the witnesses may not be reliable, and when a lineup would tend to resolve the issue.

We have examined the cases cited and conclude the facts of this case do not justify a lineup, even if the cases were adopted as the law of this state, an issue we need not decide at this time. Witnesses gave police an extensive description of defendant, his clothing and the getaway car. Three witnesses picked defendant from a photographic display. While identity was at issue, it cannot be said there was a reasonable likelihood of a mistaken identification which required a lineup.

Defendant also contends he was deprived of his right to counsel during the photographic display, relying on *United States v. Wade,* 388 U.S. 218, 18 L.Ed.2d 1149, 87 S.Ct. 1926; *Gilbert v. California,* 388 U.S. 263, 18 L.Ed.2d 1178, 87 S.Ct. 1951; and *Stovall v. Denno,* 388 U.S. 293, 18 L.Ed.2d 1199, 87 S.Ct. 1967. The *Wade-Gilbert-Stovall* trilogy of cases gives defendant a right to counsel at a lineup held after prosecution has commenced. The right to have counsel present at a photographic display, even after charges have been filed, does not exist. (*State v. Clark,* 218 Kan. 726, 544 P.2d 1372; *State v. Anderson,* 211 Kan. 148, 505 P.2d 691; *United States v. Ash,* 413 U.S. 300, 37 L.Ed.2d 619, 93 S.Ct. 2568.)

Finally, defendant argues the photographic display tainted the witnesses' in-court identification. Despite defendant's argument

to the contrary, our examination of the photographs reveals nothing suggestive about them. Further, there is nothing in the record to indicate police officers suggested any witness pick a particular photograph or that the photographic display was conducted in such a way as to be suggestive. As a result of the display one witness positively identified defendant as the robber, two witnesses thought defendant was the robber, while one witness could not pick anyone. Defense counsel had the opportunity at trial to attempt to shake the witnesses' identification of defendant by cross-examination designed to attack their memories or demonstrate to the jury any suggestiveness of the photographic displays.

II.   Change of Venue

Prior to trial defendant requested a change of venue. In support of his motion he filed copies of numerous newspaper articles and radio stories concerning the crime. Defendant also offered his own affidavit concluding he could not get a fair trial within fifty miles of Atchison County.

A change of venue in a criminal case lies within the sound discretion of the trial court. (*Green v. State,* 221 Kan. 75, 558 P.2d 110; *State v. Gander,* 220 Kan. 88, 551 P.2d 797.) The burden of proof is cast upon defendant to show prejudice in the community which will prevent him from obtaining a fair and impartial trial. (*State v. Gander,* supra; *State v. Cameron & Bentley,* 216 Kan. 644, 533 P.2d 1255; *State v. Randol,* 212 Kan. 461, 513 P.2d 248.) Media publicity alone has never established prejudice per se. Defendant must show prejudice has reached the community to the degree it is impossible to get an impartial jury. (*State v. Black,* 221 Kan. 248, 559 P.2d 784; *Green v. State,* supra; *State v. Gander,* supra; *State v. Cameron & Bentley,* supra; *State v. Platz,* 214 Kan. 74, 519 P.2d 1097; *State v. Randol,* supra.) A brief affidavit which states only conclusions is not sufficient to support a change of venue. (*State v. Black,* supra; *State v. Holsey,* 204 Kan. 407, 464 P.2d 12.)

III.   Identification Instruction

Defendant contends he was entitled to a separate instruction on identity. The same argument was advanced and rejected by this court in *State v. Robertson,* 221 Kan. 409, 559 P.2d 810; *State v. Wilson,* 221 Kan. 92, 558 P.2d 141; and *State v. Ponds and Garrett,* 218 Kan. 416, 543 P.2d 967.

## IV. Confession

Defendant's last claim of error relates to a statement made to police en route to Kansas from Little Rock, Arkansas. He claims it was error to admit a statement he made at a time when counsel was not present. The question has been considered on many occasions. (*State v. Jones,* 220 Kan. 136, 551 P.2d 801; *State v. Taylor,* 217 Kan. 706, 538 P.2d 1375; *State v. Barry,* 216 Kan. 609, 533 P.2d 1308; *State v. Melton,* 207 Kan. 700, 486 P.2d 1361.) In the above cited cases we held that an accused may waive the right to have counsel present during a police interview both before and after formal charges are filed.

In this case defendant was read his constitutional rights prior to questioning. A rights waiver form was read aloud by him. Officers then read it to him. He stated that he understood his rights and signed the form. Officers then discussed the case with defendant. About an hour later defendant stated, "Get your paper and pencil," and said he was going to dictate a statement. Defendant then related how on Memorial Day, 1975, he drove his station wagon to a spot near Birdie's Market, parked it and walked to the store. He described his clothing and said he was armed with a .32 caliber and a .22 caliber pistol. Defendant stated that he went into the store, pulled a gun on the clerk and tried to rob him, until he was interrupted when the milkman arrived. He then hid his gun and was waiting for the milkman to leave when the manager, defendant's victim, came into the store. At this point defendant ended the statement indicating he would tell the rest of the story when he got to Kansas. A hearing was conducted out of the presence of the jury and the trial court found the statement admissible.

Defendant does not allege the statement was involuntary, only that it was made without the presence of counsel. The trial court found he had waived his right to counsel. The record discloses substantial competent evidence to support the trial court's finding. (*State v. Taylor,* supra; *State v. McVeigh,* 213 Kan. 432, 516 P.2d 918; *State v. Bloomer,* supra.)

Defendant also argues he should have been entitled to a new trial because of the overall impact of the preceding alleged errors. The collective impact of his arguments is no more persuasive than they were individually.

The judgment of the trial court is affirmed.