81 N.J. Super. 213 (1963)
195 A.2d 227
THE STATE OF NEW JERSEY, PLAINTIFF,
v.
JUDY FERRARO, DEFENDANT.
Superior Court of New Jersey, Monmouth County Court, Law Division.
Decided November 12, 1963.
*214 Mr. Solomon Lautman for the State of New Jersey.
Mr. Sidney I. Sawyer for defendant (Messrs. Philo & Rothenberg, attorneys).
SIMMILL, J.C.C.
On July 16, 1963 Eileen J. Johnson was employed as a "security officer" by Steinbach Company at its store in Asbury Park, New Jersey. She had also been appointed a special police officer by the governing body of the City of Asbury Park. It does not appear when this appointment *215 was made, but she was not sworn during the year 1963. Defendant and another young lady who accompanied her were trying on garments in the fitting room. Defendant placed articles of merchandise into a straw carrying case which she had with her. This was seen by Mrs. Johnson. The two young ladies then left the store and Mrs. Johnson followed them out. She stopped them in the street outside the door and stated that they had something that belonged to the store. She reached for the carrying case and one of the young ladies told her that she could not have the case, whereupon the security officer told them that they would have to come back into the store because they had something for which payment had not been made. She showed her identification. The two young ladies went back into the store and the security officer found two stolen articles in the straw carrying case. Thereafter, the security officer called a police officer. Then she went to police headquarters and signed a complaint charging the defendant with violation of N.J.S. 2A:170-97 (L. 1962, c. 178). Defendant was convicted in the municipal court and now appeals from such conviction alleging that the articles of merchandise which were recovered were obtained from her by an illegal search and seizure.
It is, of course, academic that a search and seizure without search warrant may be made as an incident to a lawful arrest with or without a warrant for arrest, State v. Smith, 37 N.J. 481, 492 (1962), but defendant contends that she was not under arrest at the time the search and seizure was made. It has never been determined in New Jersey as to what actually constitutes "arrest." Defendant contends that the only procedure followed by the security officer was by virtue of N.J.S. 2A:170-100, which provides:
"A law enforcement officer, or a special officer, or a merchant, who has probable cause for believing that a person has willfully concealed unpurchased merchandise and that he can recover such merchandise by taking the person into custody, may, for the purpose of attempting to effect such recovery, take the person into custody and detain him in a reasonable manner for not more than a reasonable time. Such taking into custody by a law enforcement officer or special officer or *216 merchant shall not render such law enforcement officer, special officer or merchant criminally or civilly liable in any manner or to any extent whatsoever."
Her contention is that she was taken into custody by virtue of the foregoing statute and that she was not under arrest because the statute itself differentiates between taking into custody and arrest. She contends that there was no lawful arrest until complaint was made and warrant issued.
The State, on the other hand, argues that there was a lawful arrest and the search was an incident of the arrest. As has heretofore been indicated, there has never been any clear-cut definition of what constitutes a criminal arrest in New Jersey. This court is of the opinion that the case sub judice demands a definition. Restatement, Torts, § 112, p. 244 (1934), gives the following definition:
"An arrest is the taking of another into the custody of the actor for the actual or purported purpose of bringing the other before a court, or of otherwise securing the administration of the law."
1 Schlosser, Criminal Laws of New Jersey, § 179, 180, p. 179 (rev. ed. 1953), defines arrest as follows:
"In criminal law an arrest is the taking of a person into the custody of the law in order that he may be held to answer for a criminal offense or be prevented from committing one.
To amount to an arrest there must be an intent to arrest, under real or pretended authority, accompanied by seizure or detention of the person which is so understood by the person arrested."
In Black's Law Dictionary (4th ed.), the following definition of arrest is given:
"ARREST. To deprive a person of his liberty by legal authority. Taking, under real or assumed authority, custody of another for the purpose of holding or detaining him to answer a criminal charge or civil demand."
And, further, Patterson v. United States, 192 F.2d 631 (5 Cir. 1951), certiorari denied 343 U.S. 951, 72 S.Ct. 1043, *217 96 L.Ed. 1352 (1951), holds, and this court adopts this definition:
"An arrest, as the term is used in criminal law, signifies the apprehension or detention of the person of another in order that he may be forthcoming to answer for an alleged or supposed crime."
The only definition of arrest in New Jersey that this court has been able to find is set forth in Blight v. Meeker, 7 N.J.L. 97 (Sup. Ct. 1823), wherein, in a per curiam decision, the court held succinctly: "An arrest is an imprisonment." An imprisonment, as defined in Hebrew v. Pulis, 73 N.J.L. 621, 624 (E. & A. 1905), is "the constraint of the person."
When defendant was apprehended by the security officer, who showed her identification and who told her that she would "have to come back into the store," defendant was taken into custody that she might be "forthcoming to answer for an alleged or supposed crime."
Defendant urges, however, that Mrs. Johnson had no right to make an arrest because she was only a "security officer" and as such acted pursuant to N.J.S. 2A:170-100 as a merchant; that she was not a law enforcement officer and had the right only to "take the person into custody and detain him," in accordance with said statute. Mrs. Johnson had been appointed a special police officer. It does not appear when she was appointed, although she had not been sworn into office during the year 1963. N.J.S.A. 40:47-19 with reference to special police, provides: "The governing body may appoint special policemen for a term not exceeding 1 year and revoke such appointment without cause or hearing." There is no showing when the appointment was made. Prima facie Mrs. Johnson was a special police officer and the burden of proving otherwise falls upon the defendant. If she was appointed subsequent to July 16, 1962, then she was a special police officer. There is no proof that she was not appointed subsequent to that date and, therefore, by virtue of N.J.S. 2A:170-100, she was a law enforcement officer who could *218 "arrest without warrant any person he has probable cause for believing has committed the offense of shoplifting." She had such probable cause because she saw the articles of merchandise secreted by the defendant in the fitting room.
Even if Mrs. Johnson was not a law enforcement officer, she still had a right to apprehend defendant without a warrant. A person has a right to arrest without warrant or process when an offense is committed in his presence. N.J.S. 2A:169-3 provides:
"Whenever an offense is committed in his presence, any constable or police officer shall, and any other person may, apprehend without warrant or process any disorderly person, and take him before any magistrate of the county where apprehended."
When an arrest is made without warrant the prisoner must be taken without unnecessary delay before the nearest available magistrate, a complaint filed forthwith, and a warrant issued thereon. Nelson v. Eastern Airlines, Inc., 128 N.J.L. 46 (E. & A. 1942). Here the offense occurred within the presence of Mrs. Johnson. The term "presence" sums up the requirement that Mrs. Johnson knew of the event by the use of her senses. State v. Smith, supra, 37 N.J., at p. 495.
But even if there were no lawful arrest and even if there were an unlawful search and seizure, defendant waived her rights by noncompliance with R.R. 3:2A-6. This rule provides that any person claiming to be aggrieved by an unlawful search and seizure and having reasonable grounds to believe that the evidence obtained may be used against him in a penal proceeding, may apply, on notice to the applicant for the warrant and to the prosecutor of the county, only to the Superior Court or County Court for the county in which the evidence was obtained within 30 days after the initial plea to the charge. Such a motion shall be determined before trial. Admittedly no such motion was made by defendant. The rule distinctly provides: "If a timely motion is not made in accordance with this rule, the defendant shall be deemed to have waived any objection during trial to the admission of evidence *219 based on the ground that such evidence was unlawfully obtained."
The court finds merit in this contention. Municipal Court Bulletin Letter No. 88, issued under date of May 31, 1963 by the Administrative Office of the Courts, provides:
"1. In all instances, motions for suppression of evidence must be made to the Superior or County Court pursuant to Rule 3:2A-6 and may not be entertained in the municipal court. * * *" (Italics ours)
This bulletin letter further provides that if a question with respect to the suppression of evidence arises at the trial in the municipal court, it should be adjourned or recessed for a sufficient time to permit a motion to be made to the Superior or County Court.
Said bulletin letter provides further:
"2. On all motions to suppress evidence, even though relating to matters within the jurisdiction of the municipal court such as ordinance violations, the State must be represented by the County Prosecutor and not the Municipal Attorney."
There was no representation on behalf of the State at the municipal level.
It is obvious that defendant has failed to comply with the provisions of R.R. 3:2A-6, in that no timely motion was made in accordance with the rule and hence, by the very wording of said rule, defendant has waived any objection to the admission of the evidence based on the ground that such evidence was unlawfully obtained.
For the foregoing reasons this court finds that the defendant is guilty. She will appear for sentence on Thursday, November 21, 1963, at 11 A.M.