86 N.J. Super. 551 (1965)
207 A.2d 363
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
RICHARD GRECO, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Atlantic County Court, Law Division  Criminal.
Decided February 11, 1965.
*554 Mr. David R. Brone for defendant (Messrs. Miller, Brone & Valore, attorneys).
Mr. Samuel Levinson for plaintiff.
SALSBURG, J.C.C.
Defendant Greco was convicted in the Municipal Court of the Township of Egg Harbor for violating the local ordinance relating to a person under the age of 21 years of age having in his possession any altered or false document or documents for the purpose of identification and/or establishing his age, which ordinance generally pertains to the purchase of alcoholic beverages by minors. He was fined $200, and appeals to this court.
The ordinance in question is No. 12 of 1960, and the section allegedly violated was section 3, which provides:
"Any person under the age of 21 years of age who shall have in his or her possession any altered or false document or documents for the purpose of identification and/or establishing the age of said person, shall be deemed a disorderly person."
The charge against defendant was that he did, on August 16, 1964, while at the Dunes, Egg Harbor Township, Atlantic County, New Jersey, have in his possession two false ID cards in the name of Peter John Georges, Wilmington, Delaware, and thereby violated the afore-mentioned section 3.
The matter came before this court on the stenographic record of the municipal court proceedings, arguments by counsel and briefs. R.R. 3:10-10. The basic issues for determination are:
1. Whether defendant waived his rights to suppress the evidence by noncompliance with R.R. 3:2A-6, even if there were an unlawful search and seizure;
2. Whether the ordinance violates any constitutional inhibitions and is a reasonable exercise of police power; and
*555 3. Whether, in the factual circumstances of this case, defendant violated section 3 of the ordinance.
The Dunes is a tavern and entertainment center where alcoholic beverages are dispensed. Defendant made three attempts to enter the tavern prior to his arrest. On each occasion he was stopped by a police officer, who requested an identification card to prove his age and that he was not a minor, commonly referred to as an "ID" card. On the third occasion when defendant tried to enter the tavern, the officer asked for this "ID" card and was told by defendant that he had none. However, the officer noticed that defendant had a wallet and asked him to bring the wallet out and the card. Defendant did bring out his wallet but said that he had no card. However, when the police officer asked defendant again, he handed over two cards. The cards were in the name of Peter John Georges, Wilmington, Delaware, one being a Selective Service registration certificate, issued September 30, 1958, and the other a certificate of registration at the University of Delaware with the birth date given as May 8, 1940.
Defendant claimed that the identification cards were produced and secured from him by an unreasonable or illegal search and seizure. He also contended that he never gave his consent to be searched without a search warrant because the consent was not freely and intelligently given, uncontaminated by any duress, coercion, intimidation, actual or implied. Defendant's attorney moved before the municipal court to suppress the evidence  the motion was denied. Defendant's attorney here renews the motion on the grounds of unreasonable or illegal search and seizure.
Much of what has been said in the case of State v. Ferraro, 81 N.J. Super. 213 (Cty. Ct. 1963), is applicable here. The court there said, among other things, that even if there were an unlawful search and seizure, defendant waived her rights by noncompliance with R.R. 3:2A-6. This rule provides that a person claiming to be aggrieved by an unlawful search and seizure and having reasonable grounds to believe that the evidence obtained may be used against him in a penal proceeding, *556 may apply, on notice to the county prosecutor, and to the applicant for the warrant if the search was with a warrant, to the Superior Court or County Court for the county in which the evidence was obtained, within 30 days after the initial plea to the charge. Such a motion shall be determined before trial. If a timely motion is not made in accordance with the rule, defendant shall be deemed to have waived any objection during trial to the admission of evidence based on the ground that such evidence was unlawfully obtained.
In the Municipal Court Bulletin Letter of May 31, 1963 issued by the Administrative Office of the Courts, it was provided that in all instances motions for suppression of evidence must be made to the Superior or County Court, pursuant to R.R. 3:2A-6, and may not be entertained in the municipal court. Further, that on all motions to suppress evidence, even though relating to matters within the jurisdiction of the municipal court, such as ordinance violations, the State must be represented by the county prosecutor and not the municipal attorney. There was no representation on behalf of the State at the municipal level.
It is obvious that defendant has failed to comply with this rule. Therefore, by the very wording of said rule, he has waived any objection to the admission of the evidence based on the ground that it was unlawfully obtained. Thus, there is no need for this court to discuss whether or not there was a violation of Article I, paragraph 7 of the New Jersey Constitution governing the right of a citizen to be secure in his person against unreasonable search and seizure, or whether there was a violation of N.J.S. 2A:84A-19 (Rule 25), which protects every person in that he may refuse to disclose to a police officer any matter that would incriminate him or expose him to a penalty.
As to the question whether the ordinance violates any constitutional inhibitions, I find that it does not and that the ordinance is constitutional. Defendant argues that the ordinance is unconstitutional because it was not enacted in aid of prevention of crime and is in contravention of private rights *557 which are guaranteed by both the Federal and State Constitutions. He further contends that the ordinance must be stricken down because it purports to invade a field which has been fully occupied by the Legislature, i.e., the unlawful conduct of minors in the alcoholic beverage field has been pre-empted by a comprehensive law enacted by the Legislature.
The court finds no merit in these arguments. R.S. 40:48-2 provides:
"Any municipality may make, amend, repeal and enforce such other ordinances, regulations, rules and by-laws not contrary to the law of this state or of the United States, as it may deem necessary and proper for the good government, order and protection of persons and property, and for the preservation of the public health, safety and welfare of the municipality and its inhabitants, and as may be necessary to carry into effect the powers and duties conferred and imposed by this subtitle, or by any law."
Although the attorneys in this case could not furnish the court with any New Jersey cases dealing with false identification cards and minors' using them to gain entrance into places serving and selling alcoholic beverages, and the court by its own research also could not find any New Jersey cases on this issue, there are many cases which hold that a municipality has a legal right to pass an ordinance which promotes the safety, health, morals and general welfare of the community. The present ordinance was a proper exercise of the police power. Certainly a municipality has the necessary power to regulate as may be demanded by public interest. It can be said that it is to the public interest of the Township of Egg Harbor to regulate the conduct of minors at or in the vicinity of places where large crowds gather and liquor is dispensed.
It is fundamental that, to the extent authorized by the Legislature, a municipality may enact ordinances and provide against their violation by penalties. Municipalities are agencies of government for the local administration of the legislative intention and policy. This ordinance was enacted pursuant to the broad and comprehensive provisions of R.S. *558 40:48-2 which permits a municipality to adopt ordinances for the protection of persons and property and for the preservation of the public health, safety and welfare of the municipality and its inhabitants. Liberal construction thereof is made mandatory by our Constitution of 1947 (Art. IV, Sec. VII, par. 11), and there attaches to such an ordinance a presumption of validity not to be overcome unless the evidence clearly establishes its unreasonableness. Vickers v. Tp. Com. of Gloucester Tp., 37 N.J. 232 (1962). The judiciary does not pass upon the wisdom of a municipal ordinance nor does it nullify decisions of a governing body on the subject of local welfare merely because a debatable issue is presented. It is apparent that the statutory grant of police powers to municipalities encompassed the authority to enact regulatory ordinances for the protection of persons, safety and general welfare of the community. See Fred v. Mayor, etc., of Old Tappan Borough, 10 N.J. 515 (1952).
It would not appear to this court that N.J.S.A. 33:1-81 has pre-empted the field and thus has barred a municipality from enacting a "minors" ordinance under the authority of R.S. 40:48-2. In this regard, the court is particularly mindful of Art. IV, Sec. VII, par. 11 of our State Constitution, dealing with the liberal construction of constitutional and statutory provisions concerning municipal corporations and the powers of municipal corporations. The court is also mindful of the case of Kennedy v. City of Newark, 29 N.J. 178 (1959), where Chief Justice Weintraub stated, among other things, that before it can be said that the police power delegated to local government must remain inert, it must be clear that the Legislature intended to occupy the field or declared a policy at war with the decision made by the local government. The delegated power may not be restrained upon the basis of speculation or dubious inference. The Constitution enjoins a liberal construction of legislation in favor of local authority.
Ordinances directed against minors are not subject to the approval of the State Director of the Division of Alcoholic *559 Beverage Control, and the authority to enact such ordinances does not stem from our State Alcoholic Beverage Control Law.
In Hunter v. Mayor, etc., of Teaneck Tp., 128 N.J.L. 164 (1942), the Supreme Court held that the power of a municipality to regulate pinball machines was within the police powers granted to all municipalities. The court stated that the object of the ordinance was to strike at the evil in its inception by a measure that is primarily preventive in character. That object is clearly within the police powers which have been delegated to municipalities in very broad, general and comprehensive terms by R.S. 40:48-1 and 40:48-2. Thus it appears to this Court that even if the same act of having altered or falsified identification cards for the purposes of establishing age in order to enter a tavern selling alcoholic beverages may constitute an offense against the State and an offense against the township, this court believes that the act falls within that category which permits both the State and municipality to punish for the violation thereof without trespassing on any constitutional principle. In conclusion, the ordinance, being a valid exercise of the police powers, does not violate any of defendant's federal or state constitutional rights. This court has carefully considered all other points argued by the defendant on this question and finds them to be without merit.
Lastly, on the question whether, in the factual circumstances of this case, defendant is guilty of violating section 3 of this municipal ordinance, I am of the opinion that the municipal court conviction should be set aside and the fine remitted. The facts do not establish a violation of section 3 of the ordinance. Defendant argued that to warrant conviction there should have been shown that he possessed an altered or false document for the purpose of identification and/or establishing his age. The testimony shows that the defendant at no time exhibited a document for the purpose of identification and/or establishing his age so that he could enter the tavern in order to purchase any alcoholic beverages. Mere possession of an altered or false document or documents *560 for the purpose of identification and/or establishing the age of a person as being over 21 years of age does not make that person a disorderly person in violation of this ordinance. It is the opinion of this court that said person must use this document or documents for the purpose of identification and/or establishing the age of said person. There is no testimony in the instant case that defendant ever desired to use these cards for the purpose of identification and/or establishing his age as being over 21 years. In fact, defendant endeavored to gain entrance into said tavern without exhibiting the false documents. Plaintiff in its brief argues that these cards have been used by many minors prior thereto as a means of purchasing liquor and in gaining entrance to bars and taverns selling alcoholic beverages. The answer to this has already been stated: in the instant case defendant did not use these cards as a means of purchasing liquor or gaining entrance to this tavern. He was arrested and subsequently convicted by the municipal court for just having possession of these cards. Thus, there was not a violation of this ordinance, as charged, and the evidence does not sustain the conviction.
Accordingly, the conviction is set aside and the fine remitted.