95 N.J. Super. 175 (1967)
230 A.2d 404
STATE OF NEW JERSEY, APPELLANT,
v.
SHERWIN HERBERT RAYMOND, MICHAEL LORIA, ANN REMES, MICHAEL KAY AND JACK STASSI, RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted May 8, 1967.
Decided May 16, 1967.
*176 Before Judges GOLDMANN, KILKENNY and COLLESTER.
Mr. Arthur J. Sills, Attorney General, attorney for appellant (Mr. Joseph A. Hoffman, Assistant Attorney General, of counsel and on the brief).
Messrs. Glickman & Valentine, attorneys for respondents (Mr. Saul C. Schutzman, of counsel).
The opinion of the court was delivered by GOLDMANN, S.J.A.D.
The State appeals, pursuant to leave granted, from a County Court order quashing a search warrant issued and executed December 22, 1966, and suppressing the evidence obtained pursuant thereto. That evidence *177 had led to defendants' arrest and indictment for criminal abortion (N.J.S. 2A:87-1).
Defendants pleaded not guilty to their respective indictments on June 3, 1966 and subsequently moved to quash the warrant and suppress the evidence. Defendants Raymond, Loria and Remes filed their motion on July 20, and defendants Kay and Stassi on July 12  respectively 47 and 39 days after the entry of their several pleas.
R.R. 3:2A-6 provides that a motion for the return of property seized and to suppress the evidence obtained as a result of a search warrant "shall be made within 30 days after the initial plea to the charge unless for good cause the court shall enlarge the time. The motion shall be determined before trial." (Italics ours) Defendants concede that their motions were filed beyond the time limit fixed by the rule.
Although not immediately relevant to our discussion, R.R. 3:2A-6 further provides that a motion may be entertained at trial "only if the court finds that the defendant could not reasonably have made the motion prior to trial." Further,
"If a timely motion is not made in accordance with this rule, the defendant shall be deemed to have waived any objection during trial to the admission of evidence based on the ground that such evidence was unlawfully obtained."
Briefly stated, the grounds for defendants' attack upon the search warrant in question were:
(1) There was no probable cause for its issuance with respect to the particular apartment searched, the underlying affidavit being totally lacking in any reference to the apartment except for a conclusory statement of the State Police officer in the opening paragraph of his affidavit. None of the information he had received with respect to defendant Raymond's extensive abortion operation referred to the particular apartment searched, but only to the street address of the apartment building itself.
(2) The affidavit supporting the warrant contained multiple hearsay and did not indicate whether the informers had given prior reliable information to the police authorities.
*178 Before argument on these issues the trial judge considered the State's contention that the motions to suppress should be dismissed because they were not made within the 30-day period limited by R.R. 3:2A-6, nor had any defendant shown good cause to justify an extension of time. Defense counsel attempted to meet this argument by representing that after unsuccessfully seeking an adjournment of plea on June 3, they entered pleas of not guilty for their clients while reserving the right to move to suppress the evidence as well as to dismiss the indictments: "We were very cognizant of time limitations * * *." They admitted, however, that they had not obtained an enlargement of time from the judge who took the plea. (Indeed, they sought no enlargement at any time.)
Although the trial judge repeatedly called defense counsel's attention to the specific language of the rule and sought to elicit what "good cause" could be shown for enlarging the time for filing the motions to suppress, they were unable to come forward with facts establishing good cause. Nor could they cite authority for disregarding the 30-day rule limitation.
At the conclusion of the argument on this phase of the case the prosecuting attorney called the judge's attention to the fact that good cause had not as yet been shown. The judge replied, "I know it. I realize that," and then observed in passing that constitutional questions were involved and the rule might not be as strictly construed as the prosecution might want in this type of case. The trial judge requested counsel to provide him with legal memoranda on the point, and then proceeded to consider the main issues raised by defendants in moving to suppress.
In his memorandum decision following the argument the trial judge denied the State's application to dismiss the motions because made out of time. He said that the purpose of the rule requiring a motion before trial was to avoid involvement of collaterial issues during the course of the trial itself. Continuing, he said:
*179 "* * * That policy would not be offended if defendants are permitted to make the motion to suppress in advance of trial. State v. Wade, 89 N.J. Super. 139, 147 [App. Div. 1965]. In the course of the argument by counsel on this question the court noted the State did not demonstrate undue prejudice by the untimely filing and accordingly ruled the motions to suppress should not be dismissed on these grounds."
(The trial judge was mistaken in his recollection; we find no such definite statement in the colloquy attending the hearing on the defense motions to suppress.)
The language of R.R. 3:2A-6 is entirely clear: a motion to suppress evidence shall be made within 30 days after the initial plea unless the court for good cause enlarges the time, and the motion is to be determined before trial. Defendants in their brief do not as much as attempt to argue there was good cause shown. Rather, they contend that the intent of the rule is to insure that all motions to suppress be made prior to trial, citing State v. Wade, relied on by the trial judge. They refer us to Federal Rule of Criminal Procedure 41(e) which merely requires that the motion to suppress be made before trial  this in support of their claim that under Henry v. State of Mississippi, 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408 (1965), a defendant in a state court cannot be deprived of his substantive right to move to suppress because he had not fulfilled the procedural requirements of the state tribunal, where those requirements are in direct conflict with federal procedural requirements. Of this, more anon.
We are of the opinion that the trial judge improperly shifted the burden of proof in noting that the State had not demonstrated undue prejudice by the untimely filing It was defendants' burden to show good cause for the court to enlarge the 30-day period  a duty they did not in any way discharge.
In State v. Murphy, 85 N.J. Super. 391 (App. Div. 1964), affirmed o.b. 45 N.J. 36 (1965), defendant failed to move to suppress until during trial. His excuse for failing *180 to comply with the 30-day requirement was that his co-defendant had unsuccessfully made a similar motion. That reason was characterized as "frivolous" and as not constituting a waiver of any objection to the evidence (at page 396). If a defendant is not to be excused for a "frivolous" reason, then his untimely motion to suppress must fail when no reason at all is offered, as here. Cf. State v. Ferraro, 81 N.J. Super. 213 (Cty. Ct. 1963).
We turn to the consideration of defendant's reliance upon the holding of the United States Supreme Court in Henry v. State of Mississippi, above. The issue there was whether defendant's failure to comply with the Mississippi rule requiring contemporaneous objection to the introduction of illegal evidence barred federal review of the federal question involved, namely, an alleged illegal search of defendant's automobile. Justice Brennan, speaking for the majority, said that
"* * * [A] litigant's procedural defaults in state proceedings do not prevent vindication of his federal rights unless the State's insistence on compliance with its procedural rule serves a legitimate state interest. In every case we must inquire whether the enforcement of a procedural forfeiture serves such a state interest. If it does not, the state procedural rule ought not to be permitted to bar vindication of important federal rights." (379 U.S., at pages 447-448, 85 S.Ct., at page 567, 13 L.Ed.2d, at page 413; italics ours)
The court found that the Mississippi contemporaneous objection rule served the legitimate state interest of immediately apprising the trial judge of the objection, thereby giving him the opportunity of conducting the trial without the tainted evidence and avoiding the necessity of a new trial. The court vacated the conviction and remanded for a hearing to determine factually whether defendant had knowingly waived determination of his federal claim where timely objection had not been made to the admission of the illegally seized evidence.
We likewise are of the opinion that R.R. 3:2A-6 serves the legitimate state interest of speedy disposition of questions relating to illegal search and seizure. Such questions *181 should be resolved as early in the case as possible, and this is the obvious reason and policy behind the rule. If the evidence is excluded and the State has no case without it, the indictment can be dismissed at an early date, to the obvious benefit of the accused. As for the State, early exclusion permits it to develop and use other available evidence. If the evidence is not excluded, both sides benefit because there is certainty in the preparation of the case with respect to what evidence may be relied upon and what proofs must be met.
Contrast the present case with State v. Wade, above, 89 N.J. Super. 139 (App. Div. 1965), decided subsequently to Henry, where this court found that defendant's failure to comply with the 30-day rule was reasonable under the circumstances. Wade alleged he did not know prior to trial that the evidence in question had been obtained by a police search; he maintained that he thought the police had been given the articles by his partners in the breaking and entering enterprise with which he was charged. Moreover, the State did not oppose defendant's motion at trial on the ground of untimeliness, but limited its argument to his lack of standing to object. Finally, since the case was to be retried because of the prosecuting attorney's improper summation, we felt that the policy behind the 30-day rule would not be offended by permitting defendant to move to suppress in advance of the retrial.
None of the decisive elements in Wade are present here. Defense counsel did not, and do not now offer any reason for failing to comply with the rule, and this in face of the trial judge's repeated reference to its requirements and the State's objection to the late filing.
If R.R. 3:2A-6 is to have viability and meaning, defense counsel must act with greater promptness than did those here. It must be realized that a party claiming to be aggrieved by an alleged unlawful search may move to suppress the evidence obtained even before an indictment is returned. He may certainly do so at the time of plea, and the rule generously allows him 30 days more after plea to bring his motion. There *182 may be cases where the motion could not be brought within the 30 days, but in each such case there must be a showing of good cause.
Defense counsel here had adequate opportunity to move to suppress long before they did. The case was an important one, involving an abortion operation of large dimension. The affidavit presented to the judge in applying for a search warrant was dated December 22, 1965, and the warrant was issued and executed the same day. At the very latest, defense counsel were in full possession of all information necessary for a motion to suppress  the indictments, affidavit and search warrant  on June 8, 1966, five days after the plea, and so had 25 days within which to file their motions to suppress.
Accordingly, the order quashing the search warrant and suppressing the evidence obtained pursuant thereto is reversed.