165 N.J. Super. 304 (1979)
398 A.2d 129
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
GILBERT BOYD, RUBY JACKSON, AND PRESTON YOUNG, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Submitted December 11, 1978.
Decided January 23, 1979.
*306 Before Judges CONFORD, PRESSLER and KING.
Mr. William F. Nesbitt attorney for the appellants.
Mr. John J. Degnan, Attorney General of New Jersey, attorney for the respondent (Mr. Larry R. Etzweiler, Deputy Attorney General, of counsel and on the brief).
The opinion of the court was delivered by PRESSLER, J.A.D.
Defendants appeal from the denial of their petition for postconviction relief. The petition was based on their contention that they were entitled to the benefit of retroactive application of the principles of collateral estoppel enunciated by the New Jersey Supreme Court in State v. Gonzalez, 75 N.J. 181 (1977). We affirm. In our view neither the legal theory nor the public policy considerations upon which Gonzalez was based are evoked by the operative facts here. Moreover, we do not regard Gonzalez as having articulated "new law" but only as having applied well settled doctrine. Hence the question of retroactive *307 application of its holding does not properly arise at all.
Reduced to its common denominator, the legal problem posed both by this appeal and Gonzalez arises from the situation in which one of several codefendants adversely affected by the same search successfully moves to suppress the evidence thereby obtained against him on the ground that the search violated his Fourth Amendment rights and another codefendant fails to obtain the same relief. The question, stated in its broadest terms, is the extent to which, if at all, the other codefendant may ultimately claim the benefit of the favorable adjudication.
In Gonzalez the indictment of two codefendants was based upon evidence seized during the course of an automobile search. The search was held to be invalid on the suppression motion brought by only one of them, defendant Sanchez, against whom the indictment was dismissed when the State elected not to seek leave to appeal. At the time Sanchez made that motion his codefendant Gonzalez was in prison in New York State. When Gonzalez was returned to New Jersey for trial he moved for suppression of the evidence as to him, contending not only, as had Sanchez, that the search was invalid but also that the State was collaterally estopped from relitigating the issue of its validity. The collateral estoppel claim was rejected by the trial judge, who then proceeded to consider Gonzalez' suppression motion on its merits, reaching a conclusion contrary to that of the judge who had heard Sanchez' motion despite the virtual identity of the proofs. The validity of the search having been sustained, Gonzalez was then tried for the substantive offense and convicted. The conviction was reversed by the Supreme Court on the rationale that in the precise circumstances before it, including Gonzalez' physical inability by reason of his out-of-state incarceration to have joined in Sanchez' motion, "the basic goal of fairness in the administration of justice is better served by requiring consistency in outcome." *308 75 N.J. at 195-196. The principle of collateral estoppel was invoked in support of this determination by way of suggesting that, in limited situations at least, the rule of mutuality, abandoned as a sine qua non for applicability of the doctrine in civil matters, might also be deviated from in criminal matters.[1]
In our view comparison of the facts here with those in Gonzalez readily demonstrates the inapplicability to the case before us of the Gonzalez result. In this case an indictment was returned against six defendants charging them with various gaming offenses. The indictment was based on evidence obtained during a warranted search of an apartment. The three defendants here, referred to for convenience as the Boyd defendants, made an oral application during the calendar call for leave to file an untimely motion to suppress. The judge, relying on R. 3:5-7(a), denied the motion on the ground that good cause had not been shown to warrant an enlargement of the time requirements of that rule. That determination, which we are satisfied was wholly unexceptionable, was not then contested by way of a motion addressed to this court seeking leave to appeal. Nor was the propriety of that determination ever subsequently contested. Thus, insofar as the Boyd defendants were concerned there was never an adjudication addressed to the validity of the search at all but only one denying them the opportunity to make an untimely challenge. Several months later the other three defendants, referred to as the Roane defendants, without seeking preliminary leave to so do, simply moved before another judge to suppress the evidence obtained in the common *309 search. The timeliness issue was not raised by the prosecutor until after the motion was fully heard, and the judge refused to consider that issue because it was itself untimely raised. The suppression motion was then granted on its merits, the judge concluding that the warrant had been overbroad in identifying the persons subject to the authorized search. The State did not seek leave to appeal but moved to dismiss the indictment as to the Roane defendants. Some four months after the granting of the suppression motion, the Boyd defendants, later claiming to have been then unaware of the disposition as to the Roane defendants, went to trial and were convicted. No direct appeal was taken. This application, seeking post-conviction relief, was made shortly after the Gonzalez opinion was rendered.
The absence here of the critical motivating factors of Gonzalez are obvious. On its simplest level, there is not here implicated the offense to logic and sensibility which inheres in a situation, as in Gonzalez, where opposite conclusions are reached with respect to a claimed violation of the substantial constitutional rights of codefendants identically situated. The same search here was not, contrary to the facts in Gonzalez, declared valid by one judge in respect of one defendant and invalid by a different judge in respect of the other. As to the Boyd defendants, the merits of the search and seizure issue were never reached because they had failed to take those timely procedural steps upon which their right to raise the constitutional question depended.
It is implicit in our criminal jurisprudence that the failure of timely assertion even of constitutional rights may result in their waiver, and our rules of practice recognize that a meritorious challenge to an illegal search may be lost if not made when required. As Chief Justice Weintraub observed in State v. McKnight, 52 N.J. 35, 48 (1968), "So in criminal matters, we have rules within which a defendant must assert his rights, even though they may be of constitutional origin. A motion to suppress evidence obtained in violation of the Fourth Amendment must be made *310 before trial, R.R. 3:2A-6(a),[2] notwithstanding that the defendant prefers to raise the issue at another time and insists he does not intend to forego it." See also, State v. Raymond, 95 N.J. Super. 175 (App. Div. 1967), certif. den. 50 N.J. 296 (1967). The point is that as soon as these defendants permitted the time period prescribed by R. 3:5-7(a) to elapse without having made the motion, they placed themselves, by their own action, in jeopardy of having been deemed to have waived assertion of their Fourth Amendment right. We do not believe that they must now be relieved of that self-created jeopardy simply because of the good fortune of their codefendants in prevailing upon another judge to excuse their delay. Insofar as the standard for "good cause" for delay contemplated by the rule is concerned, there is nothing in this record which conclusively demonstrates that both sets of defendants were similary situated.[3] We are satisfied that neither notions of fundamental fairness nor of collateral estoppel require that there be an adjudication of an issue unadjudicated because of an independent and collateral procedural bar.
We are further satisfied that the doctrine of collateral estoppel alone, apart from considerations of fundamental fairness and consistency of result, is not technically applicable here. That doctrine precludes relitigation of an issue already litigated. There was, however, no actual or projected relitigation here subject to preclusion. The search and seizure question was here litigated by the second set of defendants after the instant defendants had already lost *311 their right to litigate. That later successful litigation cannot restore a lost right to litigate. At most it could have barred the State from relitigating the issue with these defendants only if they had had a continuing right to litigate it at all.
Finally, we do not believe that a petition for post-conviction relief was in any event an appropriate vehicle for raising the question here. Since Gonzalez did not announce any new law, its rationale was always available to these defendants. The issue here, therefore, should have been raised by direct appeal. See R. 3:22-3. Nor do we perceive, based on these facts, such fundamental injustice or constitutional defect in the convictions as to relieve defendants from pursuing ordinary review routes. See R. 3:22-4.
Defendants, in addition to raising the Gonzalez issue, also argue that the prosecutor violated his obligation to supply them with exculpatory information by not apprising them of the success of the Roane defendants on their suppression motion. We regard the contention as wholly frivolous both on the facts and on the law.
Affirmed.
NOTES
[1] It is significant to note that the court in Gonzalez attempted to avoid recurrence of the situation there encountered by requiring all defendants to join in the motion in the future and limiting the possible application of a collateral estoppel bar to relitigation by the State only when a nonjoining defendant who seeks the benefit of a prior adjudication can demonstrate to the trial court good cause for his nonjoinder therein. 75 N.J. Super. at 196.
[2] This is the predecessor of R. 3:5-7(a) imposing the same time limitations.
[3] We note that while the Boyd defendants were represented by privately-retained counsel, the Roane defendants were represented by the Public Defender, whose special internal administrative problems in making timely motions has been recognized as constituting good cause for enlargement of the time. See State v. Price, 108 N.J. Super. 272, 278 (Law Div. 1970). But compare State v. Allaband, 134 N.J. Super. 353 (App. Div. 1974).