221 N.J. Super. 286 (1987)
534 A.2d 421
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
WILLIE JENKINS, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued November 9, 1987.
Decided November 25, 1987.
*287 Before Judges J.H. COLEMAN and HAVEY.
John S. Redden, Deputy First Assistant Prosecutor, argued the cause for appellant (Herbert H. Tate, Jr., Essex County Prosecutor, attorney; John S. Redden of counsel and on the brief).
Jack M. Sabatino argued the cause for respondent (Robinson, Wayne, Levin, Riccio and La Sala, attorneys; Jack M. Sabatino, Kevin H. Marino and Timothy M. Donohue, on the brief).
The opinion of the court was delivered by COLEMAN, J.H., P.J.A.D.
The core question presented in this appeal is whether the defendant can now challenge, in a petition for post-conviction relief, the admissibility of evidence presented at trial on Fourth Amendment grounds. We granted the State leave to appeal an order dated June 10, 1987 which granted defendant an evidentiary hearing to determine (1) if there was a valid arrest warrant in defendant's name on September 29, 1976 when he was arrested in his home, and (2) the nature and extent of evidence which might have been tainted by an illegal arrest. For the reasons which follow, we reverse.
The facts essential to our decision are not in dispute. On September 29, 1976 defendant Willie Jenkins was arrested in *288 his Newark home. Jenkins was a suspect in a September 27, 1976 criminal episode where three men forced their way into the Newark Tobacco and Candy Company and murdered the company's manager. The three assailants also robbed the manager of cash, checks and two cartons of Kool cigarettes. The getaway car used by the perpetrators was registered in the defendant's name. Following the defendant's arrest, he was transported from his home to a Newark police station. It is now conceded that at the time of defendant's arrest, the police did not have a valid warrant to arrest him.
Subsequent to defendant's arrest, the police discovered the getaway car parked two blocks from defendant's home. The police seized the vehicle and inventoried its contents finding a box of Kool cigarettes with the tax identification number of the Newark Tobacco and Candy Company. While at the police station, defendant was read his Miranda warnings. After first denying participation in the robbery and murder, defendant later gave a detailed, written and signed confession admitting his participation in the murder and robbery.
On November 18, 1976 Essex County Indictment # 946-76 was filed charging defendant with murder contrary to N.J.S.A. 2A:113-1 (Count One), possession of a firearm, contrary to N.J.S.A. 2A:151-5 (Count Two); robbery, contrary to N.J.S.A. 2A:141-1 (Count Three); and armed robbery, contrary to N.J.S.A. 2A:151-5 (Count Four). Prior to trial defendant made a motion to suppress evidence found in his car after his arrest. This motion was denied. Neither before nor during an ensuing jury trial did defendant challenge the validity of his arrest. He was found guilty on all counts. Defendant was sentenced to life for the felony murder and a consecutive five to seven year term for being armed.
A notice of appeal was filed on June 9, 1977. In an unpublished opinion dated November 19, 1979, we stated:
On this appeal defendant argues for the first time that his arrest may have been illegal and therefore his confession, given while in unconstitutional custody, may have been the fruits of that illegal arrest. He seeks a remand to *289 determine whether there was a valid arrest warrant issued for his involvement in this case since he argues the testimony below concerning the existence of an outstanding warrant for his arrest on another matter was insufficient to provide a basis for the trial judge to conclude that his arrest was legal. [State v. Jenkins, A-3864-76, slip op. at 5 (App.Div. 1979)]
We rejected all of defendant's contentions and affirmed the judgment of conviction. The Supreme Court denied certification on March 17, 1980. State v. Jenkins, 84 N.J. 396 (1980).
Defendant did not file a petition for certiorari within the 90 days permitted by 28 U.S.C.A. § 2101(d) and Sup.Ct.R. 22(1970) (amended effective June 30, 1980 and became Sup.Ct.R. 20). Before the 90 days elapsed, Payton v. New York, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 was decided on April 15, 1980. Payton held that an arrest in a home without a warrant is illegal absent exigent circumstances. Payton was silent on whether the decision was to be applied retroactively. Before the 90 day period to petition for certiorari expired, defendant filed a petition for post-conviction relief, R. 3:22-1 et seq., on June 6, 1980. He asserted that his Fourth Amendment rights were violated by his illegal arrest which in turn tainted his confession. Defendant maintained that Payton v. New York, 455 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980) must be given retroactive effect to his case. On October 17, 1980 the application for post-conviction relief was denied.
Defendant filed a notice of appeal on November 25, 1980. On May 20, 1982 we affirmed the trial judge's dismissal of the petition for post-conviction relief. In an unpublished opinion, we stated that we were satisfied that the New Jersey Supreme Court would not apply Payton retroactively to this case and that we need not address the merits of whether a legal warrant existed. Following this appeal, defendant petitioned for certification with the New Jersey Supreme Court. His petition was denied on July 14, 1982. State v. Jenkins, 91 N.J. 275 (1982).
On October 27, 1983 defendant filed a petition for a writ of habeas corpus in the United States District Court for the District of New Jersey. On February 9, 1984 Judge Dickinson Debevoise denied the State's motion to dismiss defendant's *290 petition. In a published opinion, Judge Debevoise denied defendant's petition on October 23, 1984. The judge held that defendant could not raise the Payton issue in a habeas corpus proceeding. Jenkins v. Rafferty, 618 F. Supp. 30 (D.N.J. 1984). The defendant appealed the district court's decision to the Third Circuit. On November 6, 1985, the Third Circuit affirmed the denial of defendant's petition without opinion. Jenkins v. Rafferty, 774 F.2d 1151 (3rd Cir.1985). Defendant petitioned the United States Supreme Court for a writ of certiorari. Defendant's petition was denied on April 28, 1986. Jenkins v. Rafferty, 475 U.S. 341, 106 S.Ct. 1796, 90 L.Ed.2d 341 (1986).
On July 14, 1986 the defendant filed a second petition for post-conviction relief which resulted in this appeal. On March 30, 1987 the judge below heard arguments on the defendant's petition. Defendant asserted that his Fourth Amendment rights were violated by his illegal arrest which in turn, tainted his confession. Defendant also maintained that Payton must be given retroactive effect to his case because when Payton was decided, the time period in which he was permitted to file a petition for certiorari had not elapsed. On May 14, 1987 a hearing was held before a trial judge where a motion for substitution of defendant's counsel was made and granted. On June 10, 1987, the judge issued the order previously described.
At the time of defendant's arrest in his home without a warrant New Jersey law did not require the police to have a warrant before entering an individual's home to effectuate an arrest where probable cause to arrest existed. State v. Doyle, 42 N.J. 334, 345-346 (1964). Defendant argues that Payton should be retroactively applied to this case based on United States v. Johnson, 457 U.S. 537, 102 S.Ct. 2579, 73 L.Ed.2d 202 (1982), which held that the decision in Payton is to be applied retroactively to all convictions that were not yet final on April 15, 1980 when Payton was decided. Johnson holds that a judgment of conviction is deemed "final" where the availability of appeal is exhausted, and the time to petition for certiorari has elapsed or the petition for certiorari has finally been denied. *291 Johnson, 457 U.S. at 542 n. 8, 102 S.Ct. at 2582 n. 8, 73 L.Ed.2d at 208 n. 8.
We believe Johnson intended to permit limited retroactivity of Payton to those cases on direct appeal or where there was still time to continue a direct appeal. The limited retroactivity applied to all cases still on direct appeal on April 15, 1980, those in which a petition for certiorari had been filed but undecided and those in which the 90 days had not passed provided that certiorari was sought and granted. Even though defendant's case was subject to direct review when Payton was decided, he did not file a petition for certiorari after certification was denied by the New Jersey Supreme Court on March 17, 1980. Rather than file a petition for certiorari within 90 days, defendant filed a petition for post-conviction relief. A PCR proceeding cannot be used in lieu of a direct appeal or continuation of a direct appeal. R. 3:22-3. Defendant having failed to continue his direct appeal, has waived the privilege of benefiting from Payton. See Shea v. Louisiana, 470 U.S. 51, 58 n. 4, 105 S.Ct. 1065, 1070 n. 4, 84 L.Ed.2d 38, 46 n. 4 (1985).
When defendant filed the PCR application on June 6, 1980, he was not pursuing a direct appeal any longer. He was then commencing a collateral attack on his conviction. Johnson declined to address the issue whether a collateral Fourth Amendment attack would be permitted. Johnson, 457 U.S. at 562, 102 S.Ct. 2593, 73 L.Ed.2d 222; see Shea v. Louisiana, supra, 470 U.S. at 58, 105 S.Ct. at 1069, 84 L.Ed.2d at 46. Hence, the trial court's reliance on Johnson is misplaced. Johnson's limited retroactivity was based on Justice Harlan's opinions in Desist v. United States, 394 U.S. 244, 256, 89 S.Ct. 1030, 1044, 22 L.Ed.2d 248, 259 (1969) (dissenting opinion) and Mackey v. United States, 401 U.S. 667, 675, 91 S.Ct. 1160, 1164, 28 L.Ed.2d 404 (1971) (separate opinion). The limited retroactivity doctrine permits appellate courts to treat all cases pending on appeal similarly instead of merely "fishing *292 one case from the stream of appellate review." Mackey, 401 U.S. at 678-679, 91 S.Ct. at 1164, 28 L.Ed.2d at 412.
The limited retroactivity doctrine allows the Court to apply the newly articulated law to more than just the one case that presents the issue; it expands the application of the law to all the cases that are still pending on direct review in the appellate process. See State v. Stever, 107 N.J. 543, 548-552 (1987); State v. Gilmore, 103 N.J. 508, 544 (1986); State v. Nash, 64 N.J. 464, 469-471 (1974). The present case is more similarly compared to Stone v. Powell, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976) in which the Court held that collateral attacks raising Fourth Amendment claims should not be granted where the defendant had the opportunity for full and fair litigation of this claim. Here, defendant declined to challenge his arrest before the trial court on a Fourth Amendment ground in accordance with established State practice. The order under review which now permits such a challenge is functionally equivalent to granting unlimited retroactivity to Payton. The injustice such a ruling will create in the chaotic aftermath is obvious because it totally disregards the need for finality in the judicial process.
There are two additional reasons why the trial court erred. First, the Appellate Division in 1979 decided that defendant waived his Fourth Amendment right by not pursuing it before or during the trial at which time a record would have been made. See State v. Macon, 57 N.J. 325, 333-334 (1971). It is now well established that constitutional claims, such as Fourth Amendment rights, may be waived unless properly and timely asserted. State v. Del Fino, 100 N.J. 154, 160-161 (1985); State v. McKnight, 52 N.J. 35, 48 (1968); R. 3:5-7(f). Again, we hold that defendant waived his Fourth Amendment claim by not asserting it before or during the trial. Moreover, we decided the Fourth Amendment claim on the merits adversely to defendant in 1979. An issue decided in a direct appeal cannot thereafter be considered again on a PCR application. *293 State v. Smith, 43 N.J. 67, 74 (1964); State v. Boyd, 165 N.J. Super. 304, 309-311 (App.Div. 1979), certif. den. 85 N.J. 128 (1980); R. 3:22-5.
Second, the present PCR was filed more than five years after the judgment of conviction was filed. This is the second PCR application raising the same issue. The present petition is barred by R. 3:22-12.
The order dated June 10, 1987 is reversed and the PCR application filed July 14, 1986 is dismissed.